IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MAKETA JOLLY,

      Plaintiff,

v.                                                                                           No. 1:22-cv-00290-JHR

REBECCA BARRETT,

      Defendant.

**MEMORANDUM OPINION AND ORDER**
**TRANSFERRING VENUE TO THE EASTERN DISTRICT OF PENNSYLVANIA**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed April 19, 2022.

Plaintiff, who resides in Pennsylvania, asserts claims against Defendant, an attorney who resides in New York. Plaintiff alleges that: "the defendant willfully and knowing provided Federal courts with misleading falsified information to perpetuate nefarious racial stereotypes without evidence." Complaint at 4 (noting that "case ongoing due to racial denial"). The allegations in the Complaint and the attachments indicate that this case arises from statements Defendant made in the Eastern District of Pennsylvania and the United States Court of Appeals for the Second Circuit. *See* Complaint at 2-3; Doc. 1-2 at 8, 10, 13. The Complaint does not contain a statement showing that venue is proper in the District of New Mexico.

The statute governing venue in general states:

A civil action may be brought in—

**(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

**(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

**(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

The Court concludes that the District of New Mexico is not a proper venue for this case because there are no allegations that Defendant resides in the District of New Mexico or that any of the events or omissions giving rise to the claim occurred in the District of New Mexico. The Court transfers this case to the Eastern District of Pennsylvania because the Complaint and attachment indicate that the events and omissions giving rise to this case occurred in the Eastern District of Pennsylvania.

**IT IS ORDERED** that this case is **TRANSFERRED** to the Eastern District of Pennsylvania.

_____
**UNITED STATES MAGISTRATE JUDGE**